

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KEVIN NEUMAN and <br> DEBRA NEUMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> SHARON K. LEVAN and <br> SHARON K. LEVAN TRUST, <br><br> Defendants. | CIVIL ACTION NO. 8:08-03418-HFF |

## ORDER

### I.   INTRODUCTION

This case was filed alleging two causes of action: breach of contract and breach of contract accompanied by a fraudulent act.  The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  Pending before the Court is Defendants' motion to dismiss Defendant Sharon K. LeVan Trust as a party due to Plaintiffs' failure to state a claim against Defendant Trust and misjoinder of Defendant Trust.  Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that Defendants' motion be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are citizens and residents of South Carolina.  (Compl. ¶ 1.)  Defendant Sharon K. LeVan is a citizen and resident of Florida, and Defendant Trust is a revocable trust created under the laws of Florida.  (Compl. ¶¶ 2-3.)  Plaintiffs entered into a buy-sell agreement (Agreement) with

Defendant LeVan whereby she would pay $508,000 to Plaintiffs in exchange for real property. (Compl. ¶ 6.) Plaintiffs allege that Defendant LeVan was acting "as [a] representative of the LeVan Revocable Trust" when she signed the agreement and that she was purchasing the "real property in the name of the LeVan Revocable Trust." (Compl. ¶ 6.) After executing the Agreement, Defendants refused to complete the transfer at closing. (Compl. ¶ 13.)

On October 8, 2008, Plaintiffs filed their Complaint against Defendants in this Court, alleging breach of contract and breach of contract accompanied by a fraudulent act. (Compl. ¶¶ 14-32.) Plaintiffs seek specific performance, punitive and actual damages, and attorneys fees and costs. (Compl. ¶¶ 21, 32, 34.) On October 28, 2008, Defendants filed a motion to dismiss Defendant Trust as a party. (Defs.' Mot. 1.)

### III.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should be granted only when it appears that the plaintiff can prove no set of facts in support of a claim that would entitle the plaintiff to relief on that claim. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007)). A complaint "does not need detailed factual allegations," but it must contain the grounds for the allegations, not just "labels and conclusion" or "formulaic recitation of the elements of a cause of action." *Twombly*, 355 U.S. at 555. In considering a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and resolve every doubt in the plaintiff's favor. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The plaintiff's allegations are to be taken as true for the purpose of ruling upon the motion. *Trulock v. Freeh*, 275

F.3d 391, 405 (4th Cir. 2001) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969)).  In addition, any inference reasonably drawn from the complaint must be considered together with the plaintiff's allegations of fact.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir. 1993)).

## IV.  CONTENTIONS OF THE PARTIES

Defendants filed a motion to dismiss Defendant Trust as a party, arguing that Plaintiffs failed to state a claim against Defendant Trust and that as a result, Plaintiffs misjoined Defendant Trust as a party.  (Defs.' Mot. 1.)  Defendants maintain that Defendant Trust was merely a beneficiary of the contract and not a party to it.  *Id.*  They further aver that Defendant LeVan did not sign the Agreement as a trustee for Defendant Trust.  *Id.*  On these grounds, Defendants contend that Defendant Trust is an improper party in the lawsuit.  *Id.*

Plaintiffs counter that Defendant Trust is a real party in interest, relying on Rule 17 of the Federal Rules of Civil Procedure.  (Pls.' Resp. to Defs.' Mot. to Dismiss Def. Sharon K. LeVan as a Party 2.)  They point out that Defendant Trust tendered the moneys, would have held the mortgage on the property, and would have its name on the deed to the property.  *Id.* at 2-3.  Plaintiffs also maintain that they have adequately stated a claim against Defendant Trust pursuant to Rule 8 of the Federal Rules of Civil Procedure.  *Id.* at 3-4.

## V.  DISCUSSION AND ANALYSIS

Defendants ask the Court to drop Defendant Trust as a party pursuant to Rule 21 of the Federal Rules of Civil Procedure.  Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  According to Defendants,

3

Plaintiffs failed to state a claim for relief against Defendant Trust, and therefore, Defendant Trust should be dropped as a party. The Court disagrees.

Rule 8 of the Federal Rules of Civil Procedure sets forth a very liberal standard to state a claim for relief. *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). A pleading needs to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court will dismiss a pleading for failure to state a claim only if, even with all of the allegations in the pleading taken as true, the pleader would not be entitled to relief under existing law. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))). Taking all of Plaintiffs' allegations as true, the issue here is whether Plaintiffs have stated a claim against Defendant Trust that would entitle them to relief.

The Supreme Court of South Carolina has noted that "[t]he authorized acts of an agent are binding on the principal." *Crim v. E.F. Hutton, Inc.*, 298 S.C. 448, 450, 381 S.E.2d 492, 493 (1989) (citing *Carver v. Morrow*, 213 S.C. 199, 204, 48 S.E.2d 814, 817 (1948)). Therefore, when an authorized agent executes a contract on behalf of a principal, the principal is bound by the contract "as if the principal personally made the contract," and "[t]he principal's liability to the third party is contractual and direct." *S.C. Ins. Co. v. James C. Greene & Co.*, 290 S.C. 171, 183, 348 S.E.2d 617, 624 (Ct. App. 1986).

Plaintiffs have stated a claim for relief against Defendant Trust. In their Complaint, Plaintiffs allege that Defendant LeVan signed the Agreement as a representative of Defendant Trust

4

and agreed to purchase the property in its name. (Compl. ¶ 6.) Accepting Plaintiffs' allegations as true, under agency principles, Defendant Trust would be bound by the contract if Defendant LeVan executed it as an agent for Defendant Trust. Defendant Trust would not be merely a beneficiary to the contract, but a party bound by it. Therefore, Plaintiffs state a claim for relief against Defendant Trust for breach of contract by alleging that Defendant LeVan executed the contract as a representative of Defendant Trust and that Defendants Trust and LeVan failed to perform when performance became due. Consequently, because Plaintiffs state a claim for relief against Defendant Trust, they properly joined Defendant Trust as a party in the action.

## VI.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that the motion be **DENIED.**

**IT IS SO ORDERED**.

Signed this 25th day of June, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE