

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| KEVIN NEUMAN and <br> DEBRA NEUMAN, <br><br> Plaintiffs, <br><br> vs. <br><br> SHARON K. LEVAN and <br> SHARON K. LEVAN TRUST, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 8:08-03418-HFF |

## ORDER

### I.    INTRODUCTION

This case was filed alleging two causes of action: breach of contract and breach of contract accompanied by a fraudulent act. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the Court is Defendants' motion to dismiss the breach of contract accompanied by a fraudulent act claim for failure to plead adequately the allegations of fraud. At issue is whether Plaintiffs have sufficiently pleaded their allegations of fraud under Rule 9(b) of the Federal Rules of Civil Procedure. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendants' motion under Rule 9(b) be granted, but with leave to amend the Complaint.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are citizens and residents of South Carolina. (Compl. ¶ 1.) Defendant Sharon K. LeVan is a citizen and resident of Florida, and Defendant Sharon LeVan Trust is a revocable trust created under the laws of Florida. (Compl. ¶¶ 2-3.) Plaintiffs and Defendants entered into a buy-sell agreement (Agreement) where Plaintiffs would pay $508,000 to Defendants in exchange for real property. (Compl. ¶ 6.) After executing the Agreement, Plaintiffs fulfilled all conditions and obligations under the Agreement; however, Defendants refused to complete the transfer at closing. (Compl. ¶¶ 13, 17.) On October 8, 2008, Plaintiffs filed their Complaint against Defendants in this Court, alleging breach of contract and breach of contract accompanied by a fraudulent act. (Compl. ¶¶ 14-32.) For the breach of contract claim, Plaintiffs seek specific performance and damages. (Compl. ¶ 21.) For the breach of contract accompanied by a fraudulent act claim, Plaintiffs seek actual and punitive damages. (Compl. ¶ 32.)

To support their claim of breach of contract accompanied by a fraudulent act, Plaintiffs allege that Defendants engaged in false, misleading, and deceptive acts by representing that they were going to close, attending the closing, and then failing to go through with the closing. (Compl. ¶ 27.) Furthermore, Plaintiffs allege that Defendants made false statements regarding necessary repairs to the property and made demands beyond what the contract required. (Compl. ¶ 28.) Plaintiffs allege that they relied upon the false representations that Defendants would close by performing the further repairs. (Compl. ¶ 31.)

Defendants brought a motion to dismiss under Rule 9(b) for failure to plead adequately the allegations of fraud. (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss for Failure to Adequately Plead Fraud 1.)

### III.     STANDARD OF REVIEW

"[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999). In considering the motion to dismiss, the Court must view the Complaint in the light most favorable to Plaintiffs and resolve every doubt in Plaintiffs' favor. *See GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Plaintiffs' allegations are to be taken as true for the purpose of ruling upon the motion. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In addition, any inference reasonably drawn from the Complaint must be considered together with Plaintiffs' allegations of fact. *See Murray v. City of Milford, Conn.*, 380 F.2d 468, 470 (2d Cir. 1967).

### IV.     CONTENTIONS OF THE PARTIES

Defendants move for dismissal of the breach of contract accompanied by a fraudulent act claim based on Rule 9(b). (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss for Failure to Adequately Plead Fraud 1.) They assert that Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b). *Id.* at 3. In addressing Plaintiffs' allegations, Defendants maintain that the promise to close and subsequent failure to close is insufficient to amount to a fraudulent act, but constitutes a breach of contract at best. *Id.* at 4. Defendants also assert that Plaintiffs failed to allege particularly what repairs they required of Plaintiffs outside of the contract. *Id.* Instead, Defendants contend that Plaintiffs made a "general allegation" in the Complaint without describing the fraudulent act with specificity. *Id.*

Plaintiffs respond that Defendants paraphrase and mischaracterize their Complaint. (Pls.' Resp. to Defs.' Mot. to Dismiss for Failure to Plead Allegations of Fraud 2.) They maintain that the Complaint provides sufficient factual detail for their claim of breach of contract accompanied by a fraudulent act. *Id.*

## V.     DISCUSSION AND ANALYSIS

In examining the adequacy of pleadings, federal courts normally apply a notice-pleading standard, which does not require plaintiffs to allege specific facts in their complaints. *Erickson v. Pardus*, 551 U.S. 89, 89 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, the plaintiff needs to allege only the "'grounds' of his 'entitle[ment] to relief'" so as to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level," notice-pleading does not require "detailed factual allegations." *Id.* Notice-pleading is embodied in Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When a plaintiff alleges fraud, however, Rule 9(b) of the Federal Rules of Civil Procedure requires courts to apply a heightened pleading standard. *See* Fed. R. Civ. P. 9(b). Rule 9(b) "creates an exception to Rule 8's relaxed standard." *Pub. Employees' Ret. Ass'n of Colo. v. Deloitte & Touche, L.L.P.*, 551 F.3d 305, 311 (4th Cir. 2009). Rule 9(b) requires that when "alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Fourth Circuit has acknowledged four purposes behind the heightened pleading requirement for fraud. *U.S. ex rel. Harrison v. Westinghouse*

4

*Savannah River Co.*, 352 F.3d 908, 921 (4th Cir. 2003) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). First, it provides defendants with "sufficient information to formulate a defense by putting [them] on notice of the conduct complained of." *Id.* Second, it "protect[s] defendants from frivolous suits," *id.*, recognizing that "allegations of fraud . . . frequently are advanced only for their nuisance or settlement value," *Teachers' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 171 (4th Cir. 2007) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296 (3d ed. 2004)). Third, it "eliminate[s] fraud actions in which all the facts are learned after discovery," *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d at 921 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d at 784), and "discourag[es] fishing expeditions brought in the dim hope of discovering a fraud," *Pub. Employees Ret. Ass'n of Colo.*, 551 F.3d at 311. And fourth, it "protects defendants from harm to their goodwill and reputation." *U.S. ex rel. Harrison v. Westinghouse Savannah River Co.*, 352 F.3d at 921 (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d at 784).

The heightened pleading standard in Rule 9(b) requires plaintiffs to plead with particularity "'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d at 784 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1297 (2d ed. 1990)). Thus, plaintiffs must demonstrate "the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)). Also, "[m]ere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d at 784 (citing

5

*Hillson Partners Ltd. P'ship v. Adage, Inc.*, 42 F.3d 204, 209 (4th Cir. 1994)). However, "Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive." *Id.*

To prove breach of contract accompanied by a fraudulent act, a plaintiff must demonstrate 1) a breach of contract; 2) fraudulent intent relating to the breaching of the contract and not merely to its making; and 3) a fraudulent act accompanying the breach. *Connor v. City of Forest Acres*, 348 S.C. 454, 465-66, 560 S.E.2d 606, 612 (S.C. 2002) (citing *Harper v. Ethridge*, 290 S.C. 112, 119, 348 S.E.2d 374, 378 (S.C. Ct. App. 1986)). The Supreme Court of South Carolina has defined a "fraudulent act" as "any act characterized by dishonesty in fact or unfair dealing." *Id.* at 466, 460 S.E.2d at 612.

Because Plaintiffs allege breach of contract accompanied by a fraudulent act, they must plead the allegations of fraud with particularity. *See* Fed. R. Civ. P. 9(b). Nevertheless, Plaintiffs failed to allege fraud with particularity and instead resorted to general, conclusory statements. First, Plaintiffs state that Defendants "engag[ed] in false, misleading and/or deceptive acts and practices when the agreement was made and/or representing that they were going to close and even attending closing" but then failing to close for "no valid reason." (Compl. ¶ 27.) However, the fact that Defendants made a promise to perform under the Agreement and then failed to perform does not suggest a fraudulent act in and of itself. If it did, every breach of a contract where a party fails to perform on a promise would become actionable as a breach of contract accompanied by a fraudulent act. Instead, an action for breach of contract accompanied by a fraudulent act requires proof of a fraudulent act accompanying the breach as well as a breach of contract. *See Connor*, 348 S.C. at 465-66, 560 S.E.2d at 612 (stating the three elements of a cause of action for breach of contract

6

accompanied by a fraudulent act). Plaintiffs' Complaint lacks allegations of any fraudulent act accompanying the breach beyond Defendants' promise to perform and subsequent failure to perform. This fails to put Defendants sufficiently on notice of the fraudulent act complained of in the claim for breach of contract accompanied by a fraudulent act.

Second, Plaintiffs' allegation that Defendants engaged in false, misleading, and deceptive acts lacks any particularity. It fails to give Defendants notice of "'the time, place, and contents of the false representations,'" *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d at 784, but instead just makes a generalized claim of fraud. Such a general claim of fraud is insufficient under Rule 9(b).

Finally, Plaintiffs allege that Defendants made "false statements regarding necessary repairs to the home . . . in excess of their contracted rights" and that Plaintiffs relied on Defendants' "assertions . . . by performing repairs over and above their obligations under the contract under the false assurance that Defendants would consummate the transaction." (Compl. ¶¶ 28, 31.) These allegations of a fraudulent act lack particularity. They neither tell Defendants when and where the false statements were made nor suggest the contents of the statements. Instead, they constitute generalized claims that Defendants made false statements. Therefore, they do not sufficiently plead any fraudulent act with particularity.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that the motion be **GRANTED, with leave to amend the Complaint within 10 days of the filing of this Order**.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE
