

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| KEVIN NEUMAN and<br>DEBRA NEUMAN,<br><br>   Plaintiffs,<br><br>vs.<br><br>SHARON K. LEVAN and<br>SHARON K. LEVAN TRUST,<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. 8:08-03418-HFF<br>§<br>§<br>§<br>§<br>§ |

## ORDER

### I.   INTRODUCTION

This case was filed alleging two causes of action: breach of contract and breach of contract accompanied by a fraudulent act. Pending before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction. At issue is whether the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of this Court that Defendants' motion be denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiffs are citizens and residents of South Carolina. (Compl. ¶ 1.) Defendant Sharon K. LeVan is a citizen and resident of Florida, and Defendant LeVan Trust is a revocable trust created under the laws of Florida. (Compl. ¶¶ 2-3.) Plaintiffs and Defendants entered into a buy-sell agreement (Agreement) where Defendants would pay $508,000 to Plaintiffs in exchange for real

property. (Compl. ¶ 6.) After executing the Agreement, Defendants refused to complete the transfer at closing. (Compl. ¶ 13.) On October 8, 2008, Plaintiffs filed their Complaint against Defendants in this Court, alleging breach of contract and breach of contract accompanied by a fraudulent act. (Compl. ¶¶ 14-32.) Plaintiffs seek specific performance, punitive and actual damages, and attorneys fees and costs. (Compl. ¶¶ 21, 32, 34.) In their Complaint, Plaintiffs did not specify the amount of damages sought. (*See* Compl. ¶¶ 1-34.)

Defendants brought a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that Plaintiffs failed to meet the $75,000 amount-in-controversy requirement to provide the Court with diversity jurisdiction. (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction 3.) In response, Plaintiffs filed an amended complaint, specifying that "[t]he amount in controversy exceeds $75,000." (Am. Compl. ¶ 4.)

## III.    STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: 1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or 2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the Court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the Court may look beyond the complaint and consider

other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

## IV. CONTENTIONS OF THE PARTIES

Defendants maintain that Plaintiffs can recover only out-of-pocket costs and expectation damages from the alleged breach of contract. (Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction 2-3.) They assert that these amounts fail to exceed $75,000. *Id.* Moreover, Defendants claim that because Plaintiffs have failed to explicitly allege in the Complaint that their damages exceed $75,000, the Court would be unable to determine whether it has subject matter jurisdiction. *Id.* Therefore, Defendants argue that Plaintiffs leave unsatisfied the amount-in-controversy requirement of § 1332 to give the Court diversity jurisdiction. *Id.*

Plaintiffs respond that they are seeking specific performance in the sale of the home along with attorneys fees, accruing mortgage, and amounts for upkeep of the home. (Pls.' Resp. to Defs.' Mot. to Dismiss for Lack of Subject Matter Jurisdiction 1-2.) According to Plaintiffs, because they seek specific performance of the contract and the contract calls for the sale of the home for $508,000, the amount-in-controversy exceeds $75,000. *Id.* Plaintiffs also filed an Amended Complaint, which contains a statement that the damages exceed $75,000. (Am. Compl. ¶ 4.)

## V. DISCUSSION AND ANALYSIS

Subject matter jurisdiction pertains to the very power of the Court to hear a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)). While federal courts are courts of limited jurisdiction, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978), Congress has statutorily provided them with the power to hear cases between diverse parties as long as two requirements are met, *see* 28 U.S.C. § 1332(a). First, the opposing

parties must be diverse, meaning that they must be citizens of different states. *See id.* Second, the amount-in-controversy must exceed $75,000. *See id.* Only if these two requirements are met does the Court have the power to hear the case under diversity jurisdiction.

In interpreting the amount-in-controversy requirement, the Supreme Court of the United States has pronounced that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Likewise, when the relief sought is specific performance, the amount-in-controversy is determined by looking at the value of the property in question. *See Occidental Chem. Corp. v. Bullard*, 995 F.2d 1046, 1047 (11th Cir. 1993) (citing *Ebensberger v. Sinclair Ref. Co.*, 165 F.2d 803, 805 (5th Cir. 1948)) ("When the value of property sought to be obtained by specific performance exceeds the sum which might have been awarded in damages, the amount in controversy is established by the value of the property."); *Craven v. Williams*, 302 F. Supp. 885, 890 n.5 (D.S.C. 1969) (citing *Ebensberger*, 165 F.2d at 805) ("Amount in controversy in an action for specific performance is the value of the property involved."); *Humble Oil & Ref. Co. v. DeLoache*, 297 F. Supp. 647, 649 n.1 (D.S.C. 1969) (citing *Ebensberger*, 165 F.2d at 805) ("In a suit for specific performance, the amount in controversy is the value of the property involved.").

Other federal district courts have been confronted with similar situations where the plaintiffs filed actions seeking specific performance of buy-sell agreements of real estate but failed to explicitly state an amount in damages. *See Medallion Homes Gulf Coast, Inc. v. Gevorgyan*, No. 8:07-cv-246-T-23TBM, 2007 WL 947895, at *1 (M.D. Fla. Mar. 27, 2007) (using the contract price to satisfy the amount-in-controversy requirement when a plaintiff sought specific performance of

a contract but "failed to claim a specific amount of money damages"); *Comprehensive Addiction Programs v. Mendoza*, 50 F. Supp. 2d 581, 582-83 (E.D. La. 1999) (using the contract price to satisfy the amount-in-controversy requirement in a breach of contract action where the plaintiff sought specific performance and extra contractual damages). In those cases, the courts looked to the amount contracted for the real estate in the buy-sell agreement to satisfy the amount-in-controversy requirement. *Gevorgyan*, 2007 WL 947895, at *1; *Mendoza*, 50 F. Supp. 2d at 583.

In Plaintiffs' Complaint, they satisfied both requirements under § 1332 to confer subject matter jurisdiction on the Court. Because Defendants are citizens of Florida and Plaintiffs are citizens of South Carolina, the diversity of citizenship requirement is satisfied.

Furthermore, the amount-in-controversy exceeds $75,000 on the face of the Complaint. In the case at bar, Plaintiffs seek specific performance of the buy-sell agreement to purchase real property. (Compl. ¶¶ 6, 21.) Defendants assert that Plaintiffs fail to allege facts that satisfy the amount-in-controversy requirement; however, they do not dispute the validity of Plaintiffs' allegations. Therefore, the Court accepts the facts alleged in the Complaint as true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (noting that when a defendant argues that the plaintiff has failed to allege facts conferring subject matter jurisdiction, the court accepts all facts alleged in the complaint to be true). The Court finds that Plaintiffs satisfied the amount-in-controversy requirement by seeking the remedy of specific performance and specifying that the contract called for the sale of land for $508,000. As this amount greatly exceeds the $75,000 amount-in-controversy requirement in § 1332(a) and Plaintiffs have demonstrated diversity of citizenship, the Court finds that it has subject matter jurisdiction over the case pursuant to § 1332.

**VI.     CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Defendants' motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
